**CV 10 2139**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
GEORGE FAHME on behalf of himself and
all others similarly situated

                        Plaintiff,

     -against-

FOCUS RECEIVABLES MANAGEMENT, LLC

                        Defendant.
---------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 10 2010 ★

LONG ISLAND OFFICE

MAUSKOPF, J.

GOLD, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff George Fahme seeks redress for the illegal practices of Focus Receivables Management, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, Focus Receivables Management, LLC is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and collection contacts were directed into this district.

### *Allegations Particular to George Fahme*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, at some time prior to the filing of the within complaint, the defendant sent a letter to the plaintiff.

11. The defendant has left numerous messages for the plaintiff.

12. The defendant left two messages on April 20, 2010.

13. The messages left appear to be pre-recorded messages.

14. The messages were left from 866-664-2513.

15. One message stated as follows: "Again the number is 1-866-664-2513. Our regular business hours are Monday through Thursday, 8:30 a.m. to 9:00 p.m. and Friday 8:30 a.m. to 5:30 p.m. Again the number is 1-866-664-2513."

16. On the same date, April 20, 2010, the defendant left the following message: "This is not a sales or solicitation call. We are calling in reference to an important business matter. Please return the call to 1-866-664-2513. Our regular business hours are Monday through Thursday, 8:30 a.m. to 9:00 p.m. and Friday 8:30 a.m. to 5:30 p.m. Again the number is 1-866-664-2513."

17. Plaintiff has the messages recorded.

18. Said messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of plaintiff and the members of a class.

21. The class consists of consumers who received a message from the defendant which did not set forth that the message was a communication from a debt collector.

22. The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages for the plaintiff on April 20, 2010 (b) the message was left concerning the

seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that scripted or policy mandated telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 7, 2010

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

1130 Northchase Parkway, Suite 150
Marietta, GA 30067

Date: 04/19/10

Toll-Free: 866-664-2513

Fahme George
42 Oliver St
Brooklyn, NY 11209-6502

Regarding: DIRECTV
Account #: 57649410
Current Balance: $759.04
www.focuspayments.com

Dear Fahme George:

Please be advised that the above claim has been placed with us for collection.

You are hereby notified that a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Please be advised our office will not report this matter to a credit reporting agency until the 30 day validation notice, as stated below, has expired or validation has been sent to you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Focus Receivables Management, LLC

---

**Please see reverse side for important information.**

FOR PROPER CREDIT TO YOUR ACCOUNT RETURN THIS STUB IN THE ENCLOSED ENVELOPE WITH YOUR CHECK OR MONEY ORDER. BE SURE THAT OUR NAME AND ADDRESS APPEARS IN THE WINDOW

DETACH AND RETURN WITH PAYMENT

P.O. Box 1976
Southgate, MI 48195-0976

DIRECTV
Account #:      57649410
File #:         13259490
Current Balance: $759.04

Amount Enclosed
$

www.focuspayments.com

13259490/00054     212 72751952     0000592/0004
Fahme George
42 Oliver St
Brooklyn, NY 11209-6502

DIRECTV
P.O. Box 78626
Phoenix, AZ 85062-8626

00000000000100000576494107 0026 00075904 00075904 0

0000300/00002